# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| JONATHAN N. PENNINGTON, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:03cv00142 |
| | ) | |
| | ) | **OPINION** |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | By:   PAMELA MEADE SARGENT |
|     Defendant | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 15) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

Jonathan N. Pennington filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), and supplemental security income, ("SSI"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. §§ 423, 1381 *et seq.* (West 2003 & Supp. 2005). Jurisdiction of this court exists pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The Commissioner answered the suit, filing the administrative record. Thereafter, the court remanded the case to the Commissioner. Also subsequent to remand, the Commissioner found that Pennington was disabled and awarded benefits. Pennington's attorney now has filed a petition seeking approval of a fee of $ 1,287.25 for representing Pennington in this court. The Commissioner has responded that she does not object to the fee request. (Docket Item

No. 18.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2005). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In this case, Pennington's counsel has provided the court with a fee agreement showing that Pennington agreed to the payment of "a minimum fee of ... $750.00... up to, but not to exceed one-fourth ... of [his] retroactive benefits ... whichever is greater." Pennington's counsel also has provided the court with a copy of the Social Security Administration's, ("SSA"), September 17, 2005, letter, which recites that it has awarded benefits to Pennington. While this letter does not list any specific amount of past due benefits to which Pennington was entitled, the letter does recite that the SSA withheld 25 percent of the past due benefits or $8,287.25 to pay any claimed attorney's fee.

In such a case, the court must give the contingency fee agreement a significant

amount of weight, but, nonetheless, must independently assess the reasonableness of its terms. *See Gisbrecht*, 535 U.S. at 808-09. Courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 802 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee [payable by the loser] is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Pennington's counsel has supplied evidence that shows that counsel spent a total of 9.5 hours in representing Pennington in this court. The time expended appears reasonable, and I note that the Commissioner has not objected to the amount of time claimed. Also, the Motion requests a total fee of $1,287.25, which, if paid for 9.5 hours of work, would result in a payment of $135.50 per hour. Pennington's counsel also filed with the court a copy of a letter from the SSA authorizing counsel to charge and collect a fee of $7,000.00 for services rendered when Pennington's claim was before the SSA. The amount of fees requested by counsel, when combined with the $7,000.00 fee previously awarded, totals 25 percent

-3-

of the back benefits awarded Pennington. I also note that the Commissioner has not objected to the amount of the requested fee. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits; nor do I find that the benefits awarded were great in comparison to the hours expended by counsel. Thus, taking into account all of the relevant factors, I find that a fee of $1,287.25 is reasonable.

For the foregoing reasons, the Motion will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $1,287.25.

DATED: October 18, 2005.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE